**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                    January 11, 2013

Courtroom Deputy:  Nel Steffens
Court Reporter:       Tracy Weir
Probation Officer:    Justine Kozak

**Criminal Action No.  12-cr-00301-REB**

*Parties:*                                                      *Counsel:*

UNITED STATES OF AMERICA,                Timothy Neff

    Plaintiff,

v.

1.  JARROD W. McMILLIN,                          David Lindsey

    Defendant.

**SENTENCING MINUTES**

**10:06 a.m.    Court in session.**

Appearances of counsel.  Also seated at government's table is Edward Kljunich.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Mr. Lindsey makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Mr. Neff declines the opportunity to make a statement.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the **Government's Motion for Sentencing Reduction for Defendant Jarrod W. McMillin Pursuant to U.S.S.G. § 5K1.1** [#20] filed December 28, 2012, is **GRANTED**;

    - the **Government's Motion Pursuant to U.S.S.G. § 3E1.1 To Award Defendant a Three Point Reduction in Offense Level for Acceptance of Responsibility** [#21] filed December 28, 2012, is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count 1 of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **thirty-eight (38) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the

    custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

   - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

   - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

   - the following explicit or special conditions of supervised release:

     - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

     - that the defendant shall not possess or use illegally controlled substances;

     - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

     - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

     - that the defendant shall make and pay any restitution/assessment as ordered and required by the court;
     - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the presentence report to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer;

- that the defendant shall not register any new business entity, foreign or domestic, without the advanced express written approval of his probation officer;

- that the defendant shall maintain business records for any business activities in which he engages, and provide all requested documentation concerning the same to his probation officer on request;

- that the defendant shall document all income, revenue, and/or compensation generated or received from any source and provide such information to his probation officer on request;

- that, as directed by his probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, devises, judgments, and any anticipated or unanticipated financial gains to the outstanding court-ordered financial obligation to pay restitution in this case;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood;

12. That the defendant shall pay restitution for the benefit of the victims identified in the **Presentence Investigation Report**, Exhibit B [#22-2] filed January 2, 2013, payable to the care of the Clerk of the Court in full, in the amount of $964,135.00, which restitution is payable immediately, and if

>    not, then to be paid in installments of not less than ten percent (10%) of the defendant's monthly gross income as determined periodically by his probation officer; provided that interest on restitution is waived; and
>
> 13. That the defendant shall voluntarily surrender and report, at defendant's expense, to the institution designated by the Bureau of Prisons as ordered by this court on the receipt of the announcement of that designation.

Parties state they have no objections to the sentence imposed.

The defendant has waived his right to appeal the sentence imposed.

**10:30 a.m.    Court in recess.**

Total time in court:   00:24

Hearing concluded.